James D. Weinberger (jweinberger@fzlz.com)
Nicole Lieberman (nlieberman@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel:  (212) 813-5900

*Counsel for Plaintiff Super Duper, Inc.*

James Rosenfeld (jamesrosenfeld@dwt.com)
Jesse Feitel (jessefeitel@dwt.com)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Tel: (212) 489-8230

*Counsel for Defendant PresenceLearning, Inc.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2021

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUPER DUPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRESENCELEARNING, INC., <br><br> Defendant. | Civil Action No. 1:20-cv-10783-LTS-KHP <br><br> **STIPULATION AND** <br> **PROTECTIVE ORDER** |

WHEREAS, the parties Super Duper, Inc. and PresenceLearning, Inc. (the "Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.	Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" (all such information shall be referred to as "Confidential Information").

2.	Any Disclosing Party may designate any document or information, in whole or in part, as highly confidential only if the Disclosing Party determines, in good faith, that the document or information contains non-public and highly confidential business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such Disclosing Party or its employees, customers, or clients if disclosed.  Information and documents designated by a Disclosing Party as highly confidential will be stamped "HIGHLY CONFIDENTIAL" (collectively, all such information shall be referred to as "Highly Confidential Information").  Examples of Highly Confidential Information include, but are not limited to, works created by a third party other than Super Duper and sensitive financial information, including the terms of customer contracts.[1]

3.	The Confidential Information and Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

---

[1] The Parties may not under any circumstances designate Super Duper works and any information concerning the existence of Super Duper works on Presence Learning's systems or platforms CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Such information may be freely referenced in public filings as needed.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information and the Highly Confidential Information.

5. Confidential Information shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Highly Confidential Information shall not be disclosed to any person, except:

   a. Counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Employees of Super Duper, so long as counsel for Super Duper provides PresenceLearning with the name of each Super Duper employee Highly Confidential Information is disclosed to in advance of such disclosure, in addition to the steps required in Paragraph 8 of this Protective Order;

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   e. The Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court).

7. If in the course of reviewing Confidential or Highly Confidential Information,

Super Duper, Inc. comes across materials which it believes were created by a third party and not by Super Duper, Inc., it shall not, under any circumstances, communicate this information to any third party. Pursuant to Paragraph 9 of this Protective Order, to the extent Super Duper, Inc. intends to convey such information to the Court in the form of a filing, it must follow the Court's procedures with respect to filing such information under seal.

8. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in one of the two forms attached hereto.

9. The disclosure of a document or information without designating it as "Highly Confidential" or "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall

immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.     Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13.     At the conclusion of litigation, Confidential Information or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential Information if otherwise required by law or

pursuant to a valid subpoena.

   SO STIPULATED AND AGREED.

| | |
|---|---|
| Dated: May 12, 2021 | Respectfully submitted, |
| FROSS ZELNICK LEHRMAN & ZISSU, PC | DAVIS WRIGHT TREMAINE LLP |
| By: /s/ James D. Weinberger<br>  James D. Weinberger<br>151 West 42nd Street, 17th Floor<br>New York, New York 10036<br>Tel: (212) 813-5900<br>Email: jweinberger@fzlz.com<br>   nlieberman@fzlz.com | By: /s/ James Rosenfeld<br>  James Rosenfeld<br>1251 Avenue of the Americas, 21st Floor<br>New York, New York 10020<br>Tel: (212) 603-6455<br>  Email: jamesrosenfeld@dwt.com<br>   jessefeitel@dwt.com |
| *Counsel for Plaintiff Super Duper, Inc.* | *Counsel for Defendant PresenceLearning, Inc.* |

SO ORDERED.

*[signature: Katharine H Parker]*

KATHARINE H. PARKER, U.S.M.J.

Dated: May 17, 2021
   New York, New York

## **AGREEMENT**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Super Duper, Inc. v. PresenceLearning, Inc.*, Civil Action No. 1:20-cv-10783-LTS-KHP (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Super Duper, Inc. v. PresenceLearning, Inc.*, Civil Action No. 1:20-cv-10783-LTS-KHP (S.D.N.Y.) have been designated as highly confidential. I have been informed that any such documents or information labeled "HIGHLY CONFIDENTIAL" are highly confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)